UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELICA MARIA FRANCES,<br><br>                          Plaintiff,<br><br>v.<br><br>FALLON NAVAL AIR STATION PERSONNEL, *et al.*,<br><br>                          Defendants. | Case No. 3:25-CV-00373-CLB<br><br>**ORDER** |

Before the Court are several motions, notices, and various documents filed by Plaintiff Angelica Maria Frances ("Frances"): (1) an application to proceed *in forma pauperis*, (ECF No. 1); (2) a civil rights complaint, (ECF No. 1-1); (3) an index of exhibits, (ECF No. 1-2); (4) a notice of intent to submit exhibits, (ECF No. 1-3); (5) a motion to compel, (ECF No. 1-4); (6) a notice of supplemental evidence, (ECF No. 1-5); (7) a motion to seal, (ECF No. 1-6); (8) a motion to seal witness identities and protect sensitive evidence, (ECF No. 5); (9) a motion to compel subpoena of sheriff reports and bodycam footage, (ECF No. 6); (10) a notice of intent to submit exhibits, (ECF No. 7); (11) an index of exhibits, (ECF No. 8); (12) a notice of issuance of legal demand and declaration of service, (ECF No. 9); (13) a motion to seal witness identities and protect sensitive evidence, (ECF No. 10); (14) a cover letter, (ECF No. 11); (15) a second civil rights complaint, (ECF No. 12); (16) a motion for leave to file an amended complaint, (ECF No. 13); and (17) a notice of intent to submit exhibits, (ECF No. 14). The Court will address the filings in turn.

I.      ***IN FORMA PAUPERIS*** **APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such

affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Frances cannot pay the filing fee. Accordingly, the application to proceed IFP, (ECF No. 1), is granted.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. DISCUSSION

At this early stage, Frances has already filed two complaints and a motion for leave to file an amended complaint. (*See* ECF Nos. 1-1, 12, 13.) The complaint filed at ECF No. 12, is the operative complaint in this action. However, in reviewing the complaint and motion, none of the filings comply with the Federal Rules of Civil Procedure ("FRCP"). The function of a complaint is not to list every single fact relating to a plaintiff's claims. Instead, a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

As presented, it is difficult for the Court to understand Frances's claims and who she is suing for what actions. If Frances chooses to amend her Complaint, she should follow the directions in the form complaint and "[d]escribe exactly what each specific defendant (by name) did to violate [her] rights" and must "[s]tate the facts clearly in [her] own words without citing legal authority or argument." If Frances chooses to amend her Complaint, she must also clearly identify the claim(s) she is attempting to raise in her lawsuit. She may not list every constitutional amendment and cause of action and hope that she states a claim.

Accordingly, because Frances's Complaint does not comply with the FRCP, the complaint is dismissed, without prejudice, and with leave to file an amended complaint to cure the deficiencies of the original Complaint. While Frances has filed a motion for leave to file an amended complaint, (ECF No. 13), the motion and proposed pleading also do not comply with the FRCP. Thus, the motion is denied.

If Frances chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896

F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Frances should clearly title the amended pleading as "First Amended Complaint." For <u>each</u> Defendant and <u>each</u> claim, she must allege true <u>facts</u> sufficient to show that the Defendant violated her rights.

The Court notes that, if Frances chooses to file an amended complaint curing the deficiencies, as outlined in this order, Frances should file the amended complaint within 30 days from the date of this order. If Frances chooses not to file an amended complaint curing the stated deficiencies, the action will be subject to dismissal for failure to state a claim.

Finally, as noted above, Frances has filed several miscellaneous motions, notices, and exhibits—all of which are voluminous. (*See* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 5, 6, 7, 8, 9, 10, 11, 14.) Additionally, many of the filings relate to discovery, however discovery has not yet commenced, and it is inappropriate to file discovery requests on the docket. *See* Fed. R. Civ. P. 16.

"[J]udges are not like pigs, hunting for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the Court is not obligated to paw over files … in order to make a party's claim." *See Krause v. Nevada Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2014 WL 99178, at *2-3 (D. Nev. Jan. 3, 2014) (internal citations omitted). "[I]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for the parties." *Id.* Accordingly, because the filings are repetitive, voluminous, and it is unclear what, if any, issues are present for the Court to decide, the Court denies the motions and strikes the other filings accordingly.

Frances is advised that the filing of frivolous and legally unsupported motions is forbidden by the Local Rules of Practice and the Federal Rules of Civil Procedure. While the Court is sympathetic to Frances's status as a *pro se* litigant, she is still expected to follow the Federal Rules of Civil Procedure, Local Rules, and all orders of the Court. *E.g.,*

*Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "pro se litigants are bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (noting that a pro se litigant must follow the same rules of procedure that govern other litigants). The Court has a heavy docket. Frances's case is just one of hundreds before the Court, and her frivolous filings slow the pace of her litigation. They also place her at risk of sanctions. Moving forward, Frances should carefully review the Federal Rules and Local Rules to ensure she follows the appropriate procedures.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Frances's application to proceed IFP, (ECF No. 1), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint at ECF No. 12 is the operative complaint in this action, and is **DISMISSED, WITHOUT PREJUDICE, AND WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that Frances's motion for leave to file an amended complaint, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Frances's miscellaneous motions, (ECF Nos. 1-4, 1-6, 5, 6, 10), are **DENIED**.

**IT IS FURTHER ORDERED** that the miscellaneous filings, (ECF Nos. 7, 8, 9, 11, 14), are **STRICKEN**.

**IT IS FURTHER ORDERED** that if Frances chooses to file an amended complaint curing the deficiencies of her complaint, as outlined in this order, Frances shall file the amended complaint within **30 days** of this order. If Frances chooses not to file an amended complaint curing the stated deficiencies of the complaint, the action will be subject to dismissal for failure to state a claim.

**DATED**: August 5, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**